IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. GREGORY DUMANIAN,

Plaintiff,

v.

FIRSTBANK PUERTO RICO,

Defendant.

CIVIL NO. 22-1543 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

This case is just one in a series of multiple state and federal lawsuits surrounding Dr. Gregory Dumanian ("Plaintiff"), Mark Schwartz ("Schwartz"), and Mesh Suture Inc., ("Mesh Suture, Inc." or "the company") a medical device company they both co-founded and own shares of, and of which Schwartz was CEO until his termination on August 31, 2019.  (Docket No. 1 at p. 3).  Schwartz engaged in multiple attempts to regain control of Mesh Suture Inc. and its assets after being removed as CEO and terminated from the company.  Specific to this case, Schwartz filed a bankruptcy petition in this district on behalf of Mesh Suture Inc., alleging that the company was insolvent so that the company's assets would be transferred to accounts that only he would control.  Id. at p. 5-6.  Though the petition was ultimately dismissed as frivolous, Id. at p. 6, the damage had been done. Schwartz managed to open various bank accounts, including a debtor-in-possession account with Banco Santander (now FirstBank)[1] ("Defendant") under Mesh Suture Inc.'s

---

[1] On September 1, 2020, FirstBank acquired Banco Santander Puerto Rico and its accounts. FirstBanCorp. Completes Acquisition of Banco Santander Puerto Rico, https://www.sec.gov/Archives/edgar/data/1057706/000115752320001223/a52276929ex99_1.htm (last visited Jan. 16, 2024).

Dr. Gregory Dumanian v. FirstBank Puerto Rico
Civil No. 22-1543 (CVR)
Opinion and Order
Page 2

_____

name as the sole signatory and without Plaintiff's knowledge or consent.

Plaintiff then filed the present tort lawsuit alleging Defendant was negligent in opening the bank accounts despite knowing there were legal conflicts between Plaintiff and Schwartz and that Plaintiff's authorization was required to open the accounts as he was co-founder and over forty percent (40%) shareholder of the company.  Id. at pp. 6-7. Thus, Plaintiff submits Defendant is liable for the damages Plaintiff suffered because it enabled Schwartz to proceed with the frivolous bankruptcy case.

Before the Court now is Defendant's "Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)."  (Docket No. 44).

For the reasons set forth below, Defendant's motion is DENIED.

## FACTUAL BACKGROUND

Plaintiff is a plastic surgeon and inventor of Duramesh Mesh Suture, "the third suture design ever created for the approximation of internal issues" as well as Chairman of the Board of Directors and Lead Medical Officer of Mesh Suture, Inc.  (Docket No. 1 at p. 3).  Mesh Suture, Inc. is a medical device company that owns the patent for Duramesh, and which Plaintiff co-founded with Schwartz.  Each one owns approximately forty-two percent (42%) of Mesh Suture, Inc. shares.  Id.  Defendant "is a corporation organized under the laws of the Commonwealth of Puerto Rico and engaged in the banking business." Id.

Following Schwartz' termination as CEO and employee of Mesh Suture, Inc., Plaintiff found himself embroiled in a series of multijurisdictional lawsuits as Schwartz

attempted to regain control of the company and its assets.[2]  Id. at p. 4.  Among the plethora of lawsuits was a Chapter 11 bankruptcy petition filed by Schwartz on January 9, 2020.  Id. at p. 5.  After the petition was filed, Schwartz unilaterally opened three (3) bank accounts with Defendant, including a debtor-in-possession account created to continue with the bankruptcy proceedings, all under the company's name and under the exclusive control of Schwartz.  Id. at p. 10.  Defendant allegedly authorized these accounts, despite being aware of Plaintiff being an over forty percent (40%) shareholder in the company, and without his consent, signature, or knowledge.  Id. at pp. 9-10.  On February 24, 2020, the bankruptcy petition was dismissed, and the decision was affirmed on appeal on September 30, 2021.  Id. at 6.

Following the dismissal of the bankruptcy petition, on November 15, 2022, Plaintiff filed the current lawsuit against Defendant, claiming negligence under Article 1536 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. tit. 31 § 10801 ("Article 1536") and seeking compensatory damages.  (Docket No. 1).  Defendant answered the Complaint on January 9, 2023, and subsequently amended its answer on October 23, 2023.  (Docket Nos. 13 and 43).  On October 27, 2023, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging Plaintiff failed to state a cognizable claim for relief.  (Docket No. 44).  Plaintiff opposed the motion on November 13, 2023, and Defendant replied on November 28, 2023.  (Docket Nos. 47 and 50).

## LEGAL STANDARD

In the present case, Plaintiff points out, and Defendant accepts, that Defendant's

---

[2] According to the allegations, the lawsuits running parallel to this case at the time of the filing of the Complaint are in the following jurisdictions: (1) United States District Court for the Northern District of Illinois; (2) District Court for Eagle County, Colorado; and (3) United States District Court for the District of Colorado. (Docket No. 1 at pp. 4-5).

Rule 12(b)(6) Motion to Dismiss is untimely, as it was presented well after the pleadings had closed (Docket No. 47 at p. 2 and Docket No. 50 at p. 2). "Where, as here, a party files a motion to dismiss after the pleadings have closed, the court may treat the Rule 12(b)(6) motion as a Rule 12(c) motion." Nieves v. United States, 261 F.Supp.3d 272, 275 (D.P.R. 2015) (citing Gabriel v. Preble, 396 F.3d 10, 12 (1st Cir. 2005)). See also Sevelitte v. Guardian Life Ins. Co. of America, 55 F.4th 71, 79 (1st Cir. 2022) ("We treat a Rule 12(c) motion for judgment on the pleadings similarly to a Rule 12(b)(6) motion to dismiss." (citing Kando v. Rhode Island State Board of Elections, 880 F.3d 53, 58 (1st Cir. 2018)). Thus, per Defendant's request, the Court converts its motion to dismiss to a motion for judgment on the pleadings pursuant to Rule 12(c). (Docket No. 50 at p.2).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P 12(c). Much like in the context of a Rule 12(b)(6) motion, a court ruling on a Rule 12(c) motion must also "'accept all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in his or her favor.'" Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (citations omitted). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not meet the plausibility threshold that obliges the Court to take them as true. Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). The Court must likewise consider: (1) "documents the authenticity of which are not disputed by the parties;" (2) "documents central to plaintiff['s] claim;" and (3) "documents sufficiently referred to in the complaint, even when the documents are incorporated into the movant's

pleadings." <u>Lambert v. Fiorentini</u>, 949 F.3d 22, 25 (1st Cir. 2020) (quoting <u>Curran v. Cousins</u>, 509 F.3d 36, 44 (1st Cir. 2007)) (internal quotations omitted).

Under this standard, "'[j]udgment on the pleadings should be allowed only if the properly considered facts conclusively establish that the movant is entitled to the relief sought.'" <u>Sevelitte</u>, 55 F.3d at 79 (citing <u>Kando</u>, 880 F.3d at 58).[3]   However, "the court may also consider the defendant's answer [to the complaint] and the affirmative defenses asserted therein." <u>Nieves</u>, 261 F.Supp.3d at 274 (citing <u>Gray v. Evercore Restructuring, L.L.C.</u>, 544 F.3d 320, 324 (1st Cir. 2008)).   Therefore, a plaintiff's complaint cannot simply be speculative in nature, but rather "'the combined allegations, taken as true must state a plausible, not a merely conceivable, case for relief.'" <u>Soto-Torres v. Fraticelli</u>, 654 F.3d 153, 159 (1st Cir. 2011) (citing <u>Sepúlveda-Villarini v. Dep't of Educ. of P.R.</u>, 628 F.3d 25, 29 (1st Cir. 2010)); <u>see also</u> <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 8 (1st Cir. 2011) ("A complaint only 'shows' an entitlement to relief if its factual allegations are 'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'") (citing <u>Twombly</u>, 550 F.3d at 555, 127 S.Ct. at 1965).   However, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft</u>, 556 U.S. at 664, 129 S.Ct. at 1940-41.

## LEGAL ANALYSIS

Defendant submits that Plaintiff has not presented sufficient allegations to sustain that Defendant's actions and omissions were the adequate cause of his damages.  (Docket

---

[3] <u>See also</u> <u>Curran</u>, 509 F.3d at 44 ("The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice.'") (quoting <u>R.G. Fin. Corp. v. Vergara-Núñez</u>, 446 F.3d 178, 182 (1st Cir. 2006)).

No. 44 at p. 11, ¶ 29). Plaintiff, on the other hand, argues his allegations meet the plausibility standard required at this stage of the proceedings for a negligence-based claim pursuant to Article 1536. (Docket No. 47 at pp. 4-5).

Black letter law dictates that "a 'federal court sitting in diversity'", as in this case, must "'apply state substantive law and federal procedural law.'" Suero-Algarín v. CMT Hosp. HIMA San Pablo Caguas, 957 F.3d 30, 39 (1st Cir. 2020) (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 2219 (1996)). Thus, Puerto Rico law dictates this case. See Baum-Holland v. Hilton EL Conquistador Management, LLC, 964 F.3d 77, 87 (1st Cir. 2020) (applying Puerto Rico substantive law in its diversity case).

Puerto Rico's general tort statute, Article 1536 of the Puerto Rico Civil Code of 2020, dictates that "any person who, through fault or negligence, causes damage to another, is obliged to repair it."[4] PR Laws Ann. tit. 31 § 10801; Baum Holland, 946 F.3d at 87. A successful tort action under Article 1536 requires the plaintiff to prove: "(1) evidence of a physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause).'" González-Cabán v. JR Seafood Inc., 48 F.4th 10, 14 (2022) (quoting Vázquez- Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007)).[5]

---

[4] Article 1802 of the Puerto Rico Civil Code of 1930, Puerto Rico's previous tort statute, was replaced by Article 1536 when the new Puerto Rico Civil Code came into effect in 2020. Article 1536, however, contains the same elements as its predecessor, thereby leaving the tort statute practically unchanged. Therefore, all caselaw referencing or analyzed under the now defunct Article 1802 remains in effect and will be applied to any actions brought pursuant to Article 1536 of the Puerto Rico Civil Code of 2020.

[5] There is another school within the First Circuit Court of Appeals ("First Circuit") that has opted for dividing the elements into four (4) distinct elements instead of three (3). See, e.g.; Soto-Lebrón v. Federal Express Corp., 538 F.3d 45, 57 (1st Cir. 2008); Baum-Holland, 964 F.3d at 87. This notwithstanding, the elements to be proven in negligence-based tort cases remain unchanged: a breach of defendant's duty of care, an injury or damage, and a causal nexus that links the first two elements.

Article 1536 typically defines "fault" as an action "'committed knowingly and willfully'" or as "'simply . . . an act willful or not, of a person which produces a wrong or damage.'"  Quiles v. United States, Civil No. 19-1207 (MEL), 2021 WL 5762950, at *9 (D.P.R. Dec. 3, 2021) (citing Reyes v. Heirs of Sánchez Soto, 98 D.P.R. 305, 310 (1970)). Negligence, however, is "defined as 'the failure to exercise due diligence to avoid foreseeable risks.'"  Blomquist v. Horned Dorset Primavera, Inc., 925 F.3d 541, 546-47 (1st Cir. 2019) (citing Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 50 (1st Cir. 1997)); Irvine v. Murad Skin Research Labs., Inc., 194 F.3d 313, 321 (1st Cir. 1999) (citing Malavé-Félix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir. 1991)).

The First Circuit has previously explained that in cases where the defendant was negligent through an omission, "the defendant must have been under a duty to act... ."  Rodríguez-Quiñones v. Jiménez & Ruiz, S.E., 402 F.3d 251, 254 (1st Cir. 2005). Moreover, "for liability to attach, the negligent act must be the 'adequate cause' of the harm."  Tokyo Marine and Fire Ins. Co., Ltd. V. Pérez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 6 n. 5 (1st Cir. 1998).[6] The First Circuit has taken this to mean that, in the context of causation, a defendant is only liable for that which a reasonable and prudent person could have anticipated or foreseen.  Marshall v. Pérez-Arzuaga, 828 F.2d 845, 847 (1st Cir. 1987) ("The 'causal nexus' principle limits a party's liability for hazards flowing from its negligence to those hazards that could be 'anticipated by a prudent person.'") (internal quotations omitted) (citation omitted).  Thus, "liability will only arise if the damages complained of were reasonably foreseeable to the defendant."  Irvine, 194 at 322 (citing

---

[6] Adequate cause, a concept similar to proximate cause, permits more than one person to be found to have 'caused' the harm."  Id. (collecting cases on Puerto Rico law).

De Jesús-Adorno v. Browning Ferris Indus. of P.R., Inc., 160 F.3d 839, 842 (1st Cir. 1998)).[7]

In the present case, Plaintiff claims Defendant allowed Schwartz to unilaterally open various bank accounts, including a debtor-in-possession account, under Mesh Suture, Inc.'s name.  (Docket No. 1 at pp. 6-11).  Plaintiff also avers that Defendant knew of Plaintiff's role as an over forty percent (40%) shareholder of the company.  (Id. at pp. 6, ¶ 29 and p. 9, ¶ 39).  Plaintiff included email conversations that support these allegations against Defendant.  (Docket No. 1, Exhibit 5 at p. 2).  Despite this, Plaintiff contends, Defendant proceeded to use Plaintiff's credentials (i.e., his social security number and passport) to open the bank accounts without his knowledge, signature, or consent.  (Id. at p. 6-7, ¶ 30 and p. 10, ¶¶ 41-42).

Furthermore, Plaintiff claims that opening and giving Schwartz sole control of the accounts, particularly the debtor-in-possession account, allowed Schwartz to proceed with his frivolous bankruptcy case and, upon dismissal, seek both reconsideration and appellate relief.  (Docket No. 44 at p. 12, ¶¶ 53-54).  This, in turn, forced Plaintiff into spending time and resources preventing Schwartz' attempt to take a solvent company (Mesh Suture, Inc.) through bankruptcy, as well as requesting stays be lifted and injunctions granted, in the other state and federal suits involving Schwartz and Mesh

---

[7] To this end, the First Circuit, citing Supreme Court of Puerto Rico precedent, explains that:

> The rule of foreseeability does not mean that the precise risk or the exact result which was encountered should have been foreseen.  The essential factor is to be under a duty to foresee, in a general way, consequences of a particular type.  It is no defense to allege that the precise course or the full extent of the consequences could not be foreseen, the consequences being of such kind, which in fact happened.

Marshall, 828 F.2d at 847 (quoting Ginés-Meléndez v. Puerto Rico Aqueduct and Sewer Auth., 86 D.P.R. 518, 523-24 (1962)).

Suture, Inc. while the bankruptcy case in the island was resolved.  (Docket No. 1 at pp. 13-14, ¶¶ 55-57 and Docket No. 1, Exhibit 1 at pp. 38-39).  Thus, Plaintiff, submits that, but for Defendant's negligent acts and omissions, Schwartz would not have been able to proceed with his bankruptcy case and Plaintiff would not have had to spend time and resources defending himself from the bankruptcy proceeding and the subsequent legal hurdles arising therefrom.  (Docket No. 47 at p. 4).

Plaintiff further posits that having been "dragged into a fraudulent bankruptcy proceeding and having his company, Mesh Suture, Inc., dragged into a fraudulent bankruptcy proceeding due to FirstBank's gross negligence could result in reputational damages. . .." Id. at p. 7.

At this stage of the proceedings, the standard under which the Court must consider Plaintiff's allegations is that contained in Rule (8)(a)(2) of the Federal Rules of Civil Procedure.  Under Rule 8(a)(2), a complaint need only "provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" to survive dismissal. García-Catalán v. U.S., 734 F.3d 100, 102 (1st Cir. 2013); Fed. R. Civ. P. 8(a)(2). Moreover, "[a]t the pleading stage, the plaintiff need not demonstrate that [he] is likely to prevail, but [his] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'"  Id. at 102-03 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949).  In other words, "the Rule merely requires sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests."  Ocasio-Hernández, 640 F.3d at 8 (citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1965).

Dr. Gregory Dumanian v. FirstBank Puerto Rico
Civil No. 22-1543 (CVR)
Opinion and Order
Page 10

_____

The Court finds that, at this juncture, Plaintiff's allegations as to its Article 1536

claim above summarized meet the plausibility standard set forth in Rule 8(a)(2). Thus,

Defendant's request for judgment on the pleadings is hereby DENIED.[8]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED. (Docket No. 44).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 17th day of January 2024.

> S/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ-RIVE
> UNITED STATES DISTRICT JUDGE

_____

[8] Defendant also contends Plaintiff is precluded from seeking attorney's fees of other cases as damages in a separate lawsuit. (Docket No. 44 at p. 11). Plaintiff opposes this argument, stating that he has sufficiently pled damages at this stage. (Docket No. 47 at p. 6). Plaintiff also theorizes that he is allowed to recover damages under the wrongful involvement in litigation exception set forth in Mutual Fire, Marine and Inland Co. v. Costa, 789 F.3d 83, 88 (1st Cir. 1986). Id. See also Nepera Chem., Inc. v. Sea-Land Serv., Inc., 794 F.2d 688 (D.C. Cir. 1986) (providing a more detailed explanation of the exception). At this stage of the proceedings, the Court believes this issue would benefit from a more developed record and would, therefore, be remiss to grant judgment on the pleadings at this juncture without the benefit of discovery and further briefing by the parties on this issue. Accordingly, judgment on the pleadings is also DENIED as to this issue.